**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


MARILYN ADAMS, and
KIMBERLY PETERS,

        Plaintiffs,

v.                                                                                                Case No. 07-13556

                                                                                                HON. AVERN COHN

DADECO INTERNATIONAL, CENTURY 21
REAL ESTATE LLC, CHRISTINA P. LUMARQUE,
SUSAN DAVIS, HARRIET MARTIN,
STEPHEN HOLDER, and AMELIA HOLDER,

        Defendants.
_____/

## ORDER OF DISMISSAL

I.

Plaintiffs Marilyn Jones and Kimberly Peters, proceeding <u>pro se</u> have filed a complaint naming Dadeco International, Century 21 Real Estate LLC, Christina P. Lumarque, Susan Davis, Harriet Martin, Stephen Holder, and Amelia Holder as defendants. For the reasons that follow, the complaint will be DISMISSED.

II.

Although plaintiffs attempted to pay the filing fee, the fee was returned because the check was not made payable to "Clerk, U.S. District Court." Assuming, however, that plaintiffs paid the filing fee, a district court generally may not <u>sua sponte</u> dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice

1

and the opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999).

III.

The Court has read the complaint; it is virtually unintelligible. As best as can be gleaned, plaintiffs either sought to purchase or rent property in Florida and were unable to due so. Attached to the complaint is what appears to be a copy of a complaint of discrimination filed with the United States Department of Housing and Urban Development and a "Memorandum to Lease" created by Century 21. Although plaintiffs allege "unlawful discrimination under the Federal Fair Housing Act," the Court cannot discern a discrete legal claim. Moreover, it appears that all of the parties, including plaintiffs, reside in Florida and the property involved is located in Florida. Overall, the Court finds no substantial basis for subject matter jurisdiction. Therefore, the complaint is subject to sua sponte dismissal under Fed. R. Civ. P. 12(b)(1).

Should plaintiffs submit the filing fee in the proper form, the Clerk shall return it to plaintiffs.

SO ORDERED.

Dated: September 5, 2007   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

**07-13556 Adams, et al v. Dadeco Intl,et al**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Marilyn Adams and Kimberley Peters, P. O. Box 771343 Miami, FL 33177 on this date, September 5, 2007, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5160